IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WENDY LOWRY, )<br>)<br>    Plaintiff, )<br>)<br>-vs- )<br>)<br>ANDREW M. SAUL,[1] )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>)<br>    Defendant. ) | Civil Action No. 19-886 |

AMBROSE, Senior District Judge

## OPINION

    Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 14 and 16). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 15 and 17). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 14) and granting Defendant's Motion for Summary Judgment. (ECF No. 16).

**I.**    **BACKGROUND**

    Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), Nikki Hall, held a hearing on January 25, 2018. (ECF No. 8-3). Plaintiff was represented by counsel at the hearing. *Id.* On March 7, 2018, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 41-31). After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 14 and 16). The issues are now ripe for review.

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

**II.     LEGAL ANALYSIS**

    **A.     Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.  20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).  *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  Id.

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Due Process and Fair Hearing

Plaintiff's only argument is that she was denied due process of law.  (ECF No. 15, pp. 10-14).  Specifically, Plaintiff argues that the ALJ's "inappropriate conduct during the hearing, particularly during the claimant's oral testimony, raised the appearance of impropriety" such that she was denied due process and a fair hearing.  *Id*. at p. 10.  Plaintiff submits that "it is the conduct of the hearing, not the content of the evidence, which is the subject of…[the] requested review." Id. at 11.  To be clear, "Plaintiff is not raising the question whether the Secretary's decision on the merits of the disability claim is supported by substantial evidence in the record." *Id.*  Rather, the entirety of Plaintiff's argument is whether Plaintiff "received a full and fair hearing because of the ALJ's bias or prejudice."  *Id.*

"[D]ue process requires that any hearing afforded [a Social Security disability] claimant be full and fair." *Ventura v. Shalala,* 55 F.3d 900, 902 (3d Cir.1995). This standard is violated where the ALJ displays a bias or animus against a claimant or a claimant is deprived of the opportunity to present evidence. *Ventura,* 55 F.3d at 902–03.  Plainly put, a claimant is entitled to a fair hearing before an impartial ALJ. *Id.*  "A party asserting bias must show that the behavior

of the ALJ was 'so extreme as to display clear inability to render fair judgment.'" *Roberson v. Colvin*, Civ. No. 13-1183, 2014 WL 4258206 at * 4 (W.D. Pa. Aug. 26, 2014), *citing, Liteky v. United States*, 5410 U.S. 540, 551, 114 S. Ct. 1147, 127 L.Ed.2d 474 (1994).

In support of his position, Plaintiff submits that the ALJ's conduct during the hearing was "egregious." (ECF No. 15, p. 13). At the hearing, words were exchanged between counsel and the ALJ related to the ALJ's question as to the reason for Plaintiff's opioid overdose in January of 2018. (ECF No. 8-3, pp. 15-19). At one point the ALJ told Plaintiff's counsel he had to be quiet and called counsel "obstructive." *Id.* Plaintiff contends that along with her words at the hearing the ALJ's conduct of storming out of the courtroom and slamming her files on to the desk before resuming prevented Plaintiff from obtaining a full and fair hearing before the ALJ. (ECF No. 15, p. 13). "Given the hostility and anger which the ALJ presented during the hearing," Plaintiff contends remand for a full and fair hearing is required.

After a very careful review of the evidence, I find that while the ALJ may have allowed her temper to flare a bit, Plaintiff has fallen short of demonstrating that the ALJ's conduct was "'so extreme" so as to deprive her of a full and fair hearing. *Roberson,* 2014 WL 4258206 at * 4. The ALJ clearly displayed frustration. I find, however, that the conduct does not rise to the level of extreme or egregious so as to display an inability to render fair judgment. During the hearing, all testimony was full and completed. (ECF No. 8-3). After the hearing, Plaintiff submitted records of a then-recent hospitalization, which the ALJ admitted into evidence. (ECF No. 8-2, p. 15). As a result, Plaintiff was able to present all evidence in the case and was not prevented from offering any evidence. (ECF No. 8-3, pp. 35-36). Consequently, I find that Plaintiff was not denied due process of law. Therefore, remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WENDY LOWRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 19-886 |
| ) | |
| ANDREW M. SAUL,[2] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

# ORDER OF COURT

THEREFORE, this 17th day of July, 2020, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 14) is denied and Defendant's Motion for Summary Judgment (ECF No. 16) is granted.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[2] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.